## No. 6601.

### EDWARD MEYER vs. G. DEFFARGE. H. MEHNERT, GARNISHEE.

In a contest between a judgment creditor and a garnishee, the fact that there is no note of evidence, assignment of error, or agreed statement of facts, will not justify a dismissal of the appeal, when the record contains the answers of the garnishee to the interrogatories served on him, the allegation of the creditor himself of the existence of the writ of *fieri facias*, and other matters of proof, which though not specifically noted as evidence, yet taken together afford sufficient basis for an intelligent judgment.

Documents annexed to, and incorporated with the answers filed by a garnishee are thereby properly in evidence, as part of his answers.

Answers of a garnishee are a part of the pleadings, and are before the court without the necessity of being formally offered in evidence.

Where a garnishee sets up in his answers, that the judgment debtor's one third interest in the property seized in the garnishee's hands was sold and transferred to a third person before interrogatories were served on him, a subsequent judgment annulling the sale of the seized property as simulated, and fraudulent, will not render the garnishee liable for the whole amount of the judgment creditor's debt, but only for the value of the debtor's interest in the seized property.

APPEAL from the Fourth District Court, parish of Orleans. *Houston,* J.

*F. W. Baker* and *Hornor & Benedict* for plaintiff and appellee.

*C. E. Schmidt* and *Cotton & Levy* for garnishee and appellant.

The opinion of the court on the original hearing was delivered by EGAN, J., and on the rehearing by SPENCER, J.

### ON THE MOTION TO DISMISS.

EGAN, J. The plaintiff obtained judgment against his debtor, Deffarge, upon which a *fieri facias* was issued and Mehnert garnisheed

Meyer vs. Deffarge.

under it. He was called upon to answer, and did answer two successive sets of interrogatories annexed to two successive petitions. After his last answers were filed the plaintiff, owing to information conveyed in them, filed still another petition, all under color of and treating it as part of his proceedings in garnishment, by which he made the original defendant Deffarge, Mehnert, the garnishee, and one Roubi all parties defendant for the purpose of annulling and setting aside as simulated and fraudulent an assignment or transfer of all the interests and rights of Deffarge, the judgment debtor, in and to certain assets in the hands of Mehnert. Judgment was rendered accordingly in favor of the plaintiff setting aside the transfer to Roubi as simulated, and at the same time against the garnishee, Mehnert, who had set up this transfer as a shield, and whose answers had been traversed by the plaintiffs decreeing him to pay to the plaintiff the amount of his original debt and judgment with interest, costs, etc. From this judgment the present appeal was taken by Mehnert, the garnishee, only Deffarge having offered no defense, and Roubi having filed an answer admitting the simulation, while Mehnert answered disclaiming all knowledge of or participation in the collusion, fraud, and simulation charged to exist as between Deffarge and Roubi. No exception seems to have been taken to this very unusual conjoining of proceedings in garnishment with an action to annul and have declared simulated a transfer which stood in the path of the proceeding in garnishment, and however unusual and calculated to breed confusion, as it has done in this very novel case, we are not disposed to make for the parties exceptions which they have not chosen to make.

As to the garnishee, he can not complain of this manner of proceeding, as no right or interest of his has been affected, and he has no further concern than his own protection. Among the other novelties of the case is the fact that owing to peculiar circumstances attending it, and the death of the original counsel pending appeal, it was reinstated after having been dismissed on the motion of the plaintiff and appellee who has been allowed to file new and additional grounds to dismiss the appeal, which must be disposed of first, and to the proper understanding of which the foregoing statement of the case was necessary; and as the grounds taken in the original motion fall by reason of the filing under leave and order of this court of the additional papers and proceedings and a new and more complete and formal certificate of the clerk, the want of which were complained of, we shall proceed to consider the grounds of the second motion.

The first is "that the transcript is imperfect and incomplete by reason of the absence and failure to file within the delay originally given by the court the same documents, the absence of which was originally

complained of, as we have since allowed the appellant to bring up by *certiorari* and file the missing documents, and as upon an examination of the case we do not consider their production necessary to an adjudication of the case as between the plaintiff and garnishee under *fieri facias*, this ground is not well taken.

The second ground is that the record contains no note of evidence, assignment of errors, nor agreed statement of facts on the trial in the lower court upon which the judgment was based. In support of this ground we are referred to the case of Cooley vs. Broad, 29 An. 71. That was a case between original parties and not a proceeding in garnishment like the present, and under the facts of that case the decision was the inevitable result of well-settled law, and previous adjudications of this court, and while papers and documents appeared in that record of which there was no note, as evidence, we could take no account of them as such and had nothing to review in the absence of a statement of facts or assignment of errors.

In the case at bar, however, while there is no mere note of evidence or assignment of errors or any agreed statement of facts, we have in the record the answer of the garnishee to the interrogatories propounded to him, the allegation of the plaintiff himself (who makes the motion) of the existence of a writ of *fieri facias*, which also figures as part of the record of the original case, all of which has been filed upon the call and to meet the motion of the plaintiff himself, and finally we have the judgment of the court below decreeing and the answer of the transferee admitting the simulation and unreality of the transfer attached. Attached to *and as part* of the answers of the garnishee are several documents, including the simulated transfer itself, and which are thus as fully before the court as if each line and letter were, as indeed in fact and intendment of law they are, sworn to and written down as part of the answers of the garnishee. These answers did not require to be offered in evidence, although they furnished a basis for the action of the court. They are pleadings in the cause between the plaintiff and the garnishee, who files and is called upon to file no other pleadings. They are therefore before us also. It is unnecessary to add that the judgment decreeing the simulation being rendered at the instance of the plaintiff himself as part of and in connection with the garnishment proceeding did not require to be filed or noted in evidence any more than did the judicial admission of the fact of simulation contained in the answer of the transferee in the same case. All these together afford sufficient basis for an intelligent judgment in this class of cases, and though not noted as such furnish together sufficient evidence for the action of the court.

The motion to dismiss is therefore overruled.

Meyer vs. Deffarge.

## On the Merits.

We have thus discussed in detail this anomalous case, and it is only necessary to add on the merits that the garnishee has himself presented for our consideration a complete record, showing the plaintiff's right to proceed by garnishment process and the amount of his judgment debt; that the answers of the garnishee together with the traverse evidence show the existence of sufficient assets and funds in his hands or under his control to pay and satisfy its full amount, and that the judgment setting aside the simulated transfer of those assets and funds which was interposed by the garnishee as a shield against the plaintiff's demand leaves the garnishee without further excuse or defense. The judgment of the court below was against him and in favor of the plaintiff for the full amount of his judgment and interest against the original debtor, Deffarge, and costs of court. We think it did substantial justice under the facts presented to us.

It is therefore ordered, adjudged, and decreed that the judgment of the court below be and it is affirmed with costs of both courts.

## On Application for Rehearing.

Spencer, J. The garnishee was by our decree condemned absolutely to pay the amount of plaintiff's judgment against defendant, amounting in principal and interest to about $600. The record shows his possession of apparently good assets to amount of several thousand dollars and of $78 53 in money, in which defendant has an interest and ownership of one third. The garnishee complains of this absolute judgment, and we think he is entitled to relief from it as matter of law; though we think as matter of fact, and in view of the large amount of assets as compared to the amount of the judgment, no substantial injury could be sustained by him. The rehearing is granted.

## On Rehearing.

For the reasons stated above, it is ordered, adjudged, and decreed that the judgment heretofore rendered by this court be set aside, and it is now ordered and decreed that the judgment appealed from be set aside and avoided, so far as relates to the garnishee, and that there be judgment in favor of the plaintiff, Edward Meyer, condemning the garnishee, H. Mehnert, to pay to plaintiff in money one third of $78 53, and to surrender and deliver to the sheriff the one third interest of G. Deffarge in and to all the assets described in his answers to interrogatories, to be sold or collected by the sheriff according to law in satisfaction of the *fieri facias* in his hands against defendant, and that in default thereof said garnishee pay the full amount in principal, interest, and costs of plaintiff's judgment against the defendant Deffarge.

It is further ordered that the costs of appeal be paid by plaintiff and those of the court below by the defendant.